WINDELS MARX LANE & MITTENDORF, LLP
*Successor Attorneys for Roy Babitt, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
(212) 237-1000

Attorneys appearing:  Alan Nisselson (anisselson@windelsmarx.com)
                     Jorge R. Salva (jsalva@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MORGAN & FINNEGAN, L.L.P.,<br><br>Debtor. | Chapter 7<br><br>Case No. 09-11203 (RDD) |
| ROY BABITT, Trustee for the Chapter 7 Estate of MORGAN & FINNEGAN, L.L.P.,<br><br>Plaintiff,<br><br>-against-<br><br>CHRISTOPHER K. HU,<br><br>Defendant. | Adv. Pro. No. 11-01665 (RDD) |

**STIPULATION OF SETTLEMENT OF TRUSTEE'S ADVERSARY PROCEEDING AGAINST CHRISTOPHER K. HU AND MUTUAL AND GENERAL RELEASES**

This Stipulation of Settlement which consists of the settlement of the Trustee's Adversary Proceeding (defined below) and certain mutual and general releases is made and entered into as of June 29, 2011 (the "Execution Date"), by and between Roy Babitt (the "Trustee"), as trustee for the Chapter 7 estate (the Estate") of Morgan & Finnegan L.L.P. ("M&F" or the "Debtor"), by his undersigned successor counsel, Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), on the one hand, and Christopher K. Hu in his individual capacity ("Hu"), on the other hand (collectively referred to herein as the "Parties" and each a "Party").

# RECITALS

**WHEREAS,** prior to the Petition Date (defined below), M&F was one of the world's oldest intellectual property law firms and a registered New York limited liability partnership based in New York City.

**WHEREAS**, prior to April 24, 2008, Hu was an equity partner of M&F.

**WHEREAS**, effective April 24, 2008, Hu withdrew from his position as an equity partner of M&F.

**WHEREAS,** in or around January 2009, the remaining equity partners of M&F voted to dissolve M&F (the "Dissolution").

**WHEREAS**, on March 17, 2009 (the "Petition Date"), M&F filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**WHEREAS**, Roy Babitt was appointed interim trustee of the Estate by the United States Trustee pursuant to Bankruptcy Code section 701(a) and (c), and Mr. Babitt has since qualified and is serving as permanent trustee pursuant to Bankruptcy Code section 702 (d).

**WHEREAS**, by Order dated April 30, 2009, the Court approved the Trustee's employment and retention of Arent Fox, LLP ("Arent Fox") as his counsel.

**WHEREAS**, on or about June 24, 2009, Hu filed Proof of Claim No. 119 in the Debtor's chapter 7 case as a general unsecured claim for $278,633.00 (the "Hu Claim").

**WHEREAS**, the Trustee retained Windels Marx in August 2010 to replace Arent Fox as his counsel.

**WHEREAS**, by Order dated August 19, 2010, the Court approved the Trustee's retention of Windels Marx as successor counsel.

**WHEREAS**, the Trustee's investigation of the Debtor's affairs revealed that while the Debtor was insolvent it made the following transfer of partnership property to Defendant as a return of capital in the amount of $27,044.00 by check (#1016-53265) from the Debtor's account at JPMorgan Chase Bank, N.A. (the "Transfer").

**WHEREAS,** on March 15, 2011 the Trustee commenced an adversary proceeding in the Bankruptcy Court against Hu for: (i) the avoidance and recovery of the Transfer as a constructive fraudulent conveyance pursuant to Bankruptcy Code sections 548(a)(1)(B), 550 and 551 and New York Debtor Creditor Law §§273-279; and (ii) the disallowance of the Hu Claim pursuant to Bankruptcy Code section 502(d) unless and until such time Hu turned over to the Trustee the amount of the Transfer, plus interest thereon and costs (*Babitt v. Christopher K. Hu*, Adv. Proc. No.11-01665, the "Adversary Proceeding").

**WHEREAS**, on March 16, 2011, the Bankruptcy Court issued a Summons to Hu in connection with the commencement of the Adversary Proceeding.

**WHEREAS**, on March 17, 2011, the Trustee filed an Affidavit of Service in connection with the commencement of the Adversary Proceeding

**WHEREAS**, on or around April 14, 2011 the Parties entered into a stipulation extending Hu's time to answer, plead to, or move against the complaint field in the Adversary Proceeding (the "Complaint") for thirty-one (31) days to and through May 16, 2011 (the "First Stipulation of Extension").

**WHEREAS**, on April 15, 2011 the Bankruptcy Court So Ordered the Stipulation of Extension and entered the First Stipulation of Extension on its docket to the Adversary Proceeding.

**WHEREAS**, during April 2011, Hu advised Windels Marx of his potential affirmative defenses to the Adversary Proceeding as set forth in Bankruptcy Code section 547(c) and other applicable law.

**WHEREAS**, On May 13, 2011, the Trustee, by his respective counsel, and Hu, in his individual capacity, entered into a stipulation extending Hu's time to answer, plead to, or move against the Complaint for an additional forty-five (45) days to and through June 30, 2011 (the "Second Stipulation of Extension").

**WHEREAS**, on or about May 19, 2011 the Bankruptcy Court So Ordered the Second Stipulation of Extension and entered the Second Stipulation of Extension on its docket to the Adversary Proceeding.

**WHEREAS**, the Trustee and Windels Marx have investigated and given due consideration to the viability of Hu's potential affirmative defenses.

**WHEREAS**, the Parties believe this Stipulation of Settlement, on the terms set forth herein, is fair and reasonable and in the best interests of the Estate given the foreseeable risks, expenses and delays in litigating the Adversary Proceeding.

**NOW, THEREFORE**, in consideration of the foregoing, the mutual promises and covenants made herein, and for other good and valuable consideration, the adequacy and sufficiency of which are hereby acknowledged, and with the intent to be legally bound, the Parties agree as follows:

# ARTICLE I
# ADDITIONAL DEFINITIONS

Section 1.1　<u>Hu</u>.  The terms "Hu" means Christopher K. Hu, who was an equity partner of the Debtor until on or about April 20, 2008, is an attorney licensed under the laws of the State of New York and currently resides in Skillman, New Jersey.

Section 1.2　<u>M&F</u>.  The terms "M&F" and "Debtor" are used interchangeably and mean the former New York limited liability partnership and law firm known as Morgan & Finnegan L.L.P. and all of its predecessors, successors, and all past or present affiliates, agents, assigns, directors, employees, partners, officers, parent corporations, shareholders, subsidiaries and trustees.

Section 1.3　<u>Person</u>.  The term "Person" means any individual, corporation, partnership, association, trust or other entity or organization of any kind whatsoever, including any federal, state or local government and any agency, board, body, department, instrumentality or subdivision thereof.

Section 1.4　<u>Claim</u>.  The Term "Claim" means any past, present or future action, cause of action, claim, complaint, demand, grievance, proceeding, suit, or any other theory of recovery, of any nature whatsoever, whether in law, equity or otherwise, known or unknown, anticipated or unanticipated, foreseen or unforeseen, direct or indirect, fixed or contingent, accrued or unaccrued, that has been, could have been or may in the future be asserted by or on behalf of any Person, including any cross-claim, counterclaim, third-party claim, indemnification claim, contribution claim, arbitration demand, attachment, count, debt, execution, judgment, notice, order, and any "claim" as that term is defined in Bankruptcy Code section 101(5), wholly or partially arising, directly or indirectly, out of, or in connection with, the Adversary Proceeding, the Transfer, and any and all claims arising under Bankruptcy Code or

other applicable law, with the exception of Proof of Claim No. 119 filed by Hu in the Debtor's chapter 7 case.

Section 1.5   Effective Date.   The Effective Date of this Stipulation of Settlement shall be the first business day after the Court approves this Stipulation of Settlement.

## ARTICLE II
## COMPROMISE AND SETTLEMENT

Section 2.1   Under the terms and conditions of this Stipulation of Settlement, as set forth herein, Hu, in full and complete satisfaction of any and all Claims, including, without limitation, the Adversary Proceeding against Hu by the Trustee, the Debtor, the Debtor's Estate or any Person acting on their behalf, hereby agrees to pay to the Trustee the sum of $16,000.00 (the "Settlement Amount"), at such time as provided in Section 2.3 below.

Section 2.2   By executing this Stipulation, the Trustee hereby agrees and acknowledges to accept payment of the Settlement Amount on behalf of the Debtor and the Debtor's Estate in full and complete satisfaction of any and all Claims, including, without limitation, the Adversary Proceeding against Hu by the Trustee, the Debtor, the Debtor's Estate or any Person acting on their behalf.

Section 2.3   Hu shall pay the Settlement Amount to the Debtor within ten (10) business days of the Effective Date, as defined in Section 1.5 above.  Such payment shall be made by check payable to Roy Babitt, as Trustee of the chapter 7 bankruptcy Estate for Morgan & Finnegan L.L.P., the Debtor and delivered by certified mail or in person to Windels Marx.

## ARTICLE III
## MUTUAL RELEASES

Section 3.1   Release of Hu.   Upon the Effective Date and upon payment of the Settlement Amount, Hu shall be released and forever discharged, fully and finally, from any and

all Claims, including, without limitation, the Adversary Proceeding, the avoidance and recovery of the Transfer, and all other claims thereunder, as well as any other Claims that have been made, could have been made, or could in the future be made against Hu by the Trustee, the Debtor, the Debtor's Estate, or any Person acting on behalf of any of the foregoing under the Bankruptcy Code or other applicable law arising out of or in connection with the Adversary Proceeding, the Transfer, or the Debtor's payment or transfer of any monies, amounts or property to (the "Hu Release").

Section 3.2     <u>Release of the Trustee and the Debtor</u>.  Upon the Effective Date, the Trustee, the Debtor and the Debtor's Estate shall be released and forever discharged, fully and finally, from any and all Claims that have been made, could have been made, or could in the future be made against the Trustee, the Debtor or the Debtor's Estate, by Hu, or any Person acting on behalf of Hu, including, the prohibition against any future Claim for the Settlement Amount pursuant to Bankruptcy Code section 502(h), and any other Claims or potential Claims arising out of or in connection with the Adversary Proceeding, the Transfer, and any monies or amounts owed for services or capital provided by Hu to or for the benefit of M&F that are <u>not</u> incorporated, set forth, or reflected in the Hu Claim and/or the Proof of Claim No. 119 filed thereunder (the "Debtor's Release" and together with the Hu Release, the "Releases").

Section 3.3     <u>Preservation of the Hu Claim</u> – Notwithstanding the foregoing the Parties hereby agree that Hu shall be allowed to preserve the Hu Claim (Proof of Claim No. 119) he has filed against the Debtor's Estate in this chapter 7 bankruptcy case.  Hu hereby releases and forever discharges the Trustee, the Debtor and the Debtor's Estate against any and all other Claims or potential Claims as specifically set forth in Section 3.2 above. Hu further acknowledges that the Hu Claim is for equity and will be paid, if at all, in full or in part, on par

with all other claims for equity or return of capital by former M&F partners that left M&F prior to the Dissolution only after all allowed claims of all other allowed unsecured creditors are paid in full plus interest as set forth in Bankruptcy Code section 726(a).

Section 3.4 <u>Dismissal of the Adversary Proceeding with Prejudice</u>. Upon Court approval of the Motion (defined below) and the Stipulation of Settlement and the full payment of the Settlement Amount by Hu, the Trustee shall file a Stipulation of Voluntary Dismissal with the Bankruptcy Court to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), made applicable by Federal Rule of Bankruptcy Procedure 7041, with prejudice.

Section 3.5 <u>Incorporation of Language Otherwise Required</u>. The Parties hereby agree that any and all citations, words or phrases that are or may be required under any code, ordinance, regulation, statute or the common law to effectuate a legally-binding unqualified, unconditional and unlimited release and waiver of any and all future and unknown Claims are hereby incorporated into this Stipulation of Settlement as if fully set forth herein.

Section 3.6 <u>Assumption of Risk</u>. The Parties hereby assume the risk that acts, omissions, and events may have occurred of which they are presently unaware and do not suspect. The Parties hereby waive any and all rights any Party may have under any code, ordinance, regulation, statute or the common law that may provide otherwise or that would limit or restrict the intended scope or effect of the Releases.

### ARTICLE IV
### COURT APPROVAL

Section 4.1 <u>Filing of Notice of Presentment</u>. Within twenty (20) business days of the Execution Date, the Trustee shall file a Notice of Presentment for entry of an order of the United States Bankruptcy Court for the Southern District of New York (the "Court") seeking,

*inter alia,* entry of an order of the Court approving this Stipulation of Settlement pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and for this Stipulation of Settlement to be docketed as "So Ordered" on the Court's docket for the Debtor's chapter 7 case (the "Motion").

Section 4.2  Effect of Non-Approval.  In the event the Court denies the Motion or otherwise declines to approve this Stipulation of Settlement in its entirety, this Stipulation of Settlement shall be null and void and nothing stated in this Stipulation of Settlement or the Motion shall be admissible in any court proceeding.

Section 4.3  Additional Extension of Time to Answer, Plead to, or Move Against the Complaint.  The June 30, 2011 deadline under the Second Stipulation of Extension for Hu to answer, plead to, or move against the Complaint in connection with the Adversary Proceeding is hereby extended to cover any period of time during which the Motion is before the Bankruptcy Court and, in the event that the Bankruptcy Court does not approve this Stipulation of Settlement, for a period of thirty (30) days after the Bankruptcy Court renders its decision.

## ARTICLE V
## FED R. EVID. 408

Section 5.1  Stipulation of Settlement Subject to Fed. R. Evid. 408.  This Stipulation of Settlement has been executed and the Motion will be filed in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and upon all similar provisions under state law, which precludes the introduction of evidence regarding compromises and offers to compromise.  If for any reason this Stipulation of Settlement does not become effective and enforceable, neither this Stipulation of Settlement, nor any statement made, action or position taken, or document prepared or executed in connection with the negotiation, execution or implementation of this Stipulation of Settlement shall be deemed to be, or construed as an admission by any party hereto

that any claim or defense has or lacks merit, and the Stipulation of Settlement shall have no force and effect and nothing herein shall prejudice or impair any of the rights or remedies available to the parties hereto. In the event the Stipulation of Settlement is not approved, no portion of this Stipulation of Settlement, no statement made in the Motion, and no statement made in any other pleadings filed, or testimony given in support of the Motion shall be used for any purpose in this or any other proceedings, and shall not be admissible as evidence.

## ARTICLE VI
## REPRESENTATIONS AND WARRANTIES

Section 6.1   <u>Authority of Hu</u>.  By executing this Stipulation of Settlement, Hu hereby represents and warrants he is fully authorized to enter into this Stipulation of Settlement, that he has taken any and all necessary legal actions to duly approve the making and performance of this Stipulation of Settlement, that no further approval is necessary, and that the making and performance of this Stipulation of Settlement, including payment of the Settlement Amount, will not violate any provision of any other agreement to which Hu is a party or signatory.

Section 6.2   <u>Authority of the Trustee</u>.  By executing this Stipulation of Settlement, the Trustee hereby represents and warrants that, subject to Bankruptcy Court approval, he has full authority to enter into this Stipulation of Settlement on behalf of the Debtor and the Debtor's Estate, that he has the right and authority to bind each to the terms of this Stipulation of Settlement, and that he is not aware of any facts or circumstances that would or could preclude his entitlement to receive the Settlement Amount or the effectiveness of the Releases thereupon.

Section 6.3   <u>Voluntary Agreement</u>.  Each Party hereby represents and warrants that it has entered into this Stipulation of Settlement voluntarily, that it knows and fully understands the terms and conditions of this Stipulation of Settlement, and that it believes that it

will receive fair value, and a full and final release, for the rights and interests being compromised hereby.

Section 6.4   Enforceability.  Each Party hereby represents and warrants that this Stipulation of Settlement has been duly executed and delivered by the Parties and, subject only to Bankruptcy Court approval, constitutes a valid, legal and binding obligation of the Parties, enforceable against each in accordance with the terms hereof.

Section 6.5   Consideration.  Each Party hereby represents and warrants that the consideration received by each Party to this Stipulation of Settlement is fair, reasonable, sufficient, just and adequate, and constitutes lawful consideration supporting execution of this Stipulation of Settlement.

Section 6.6   Non-Assignment.  Each Party hereby represents and warrants that it has not assigned, conveyed, sold, transferred or otherwise delivered, to any Person, any interest in, or claim or right to, any Claim subject to the Releases provided for at Article 3 of this Stipulation of Settlement.

## ARTICLE VII
## OTHER PROVISIONS

Section 7.1   Governing Law.  This Stipulation of Settlement shall be construed and interpreted in accordance with, and governed by, the laws of the State of New York without regard to choice-of-law principles.

Section 7.2   No Admission of Liability.  This Stipulation of Settlement constitutes a compromise of all Claims subject to the Releases provided for in Article 3 above. By entering into this Stipulation of Settlement, no Party admits any impropriety, wrongdoing, or liability of any kind, nor acquiesces in any contention, assertion, or legal or factual argument made by the other with respect to any such Claim.

Section 7.3     Advice of Counsel.  Hu chose not to be represented by counsel throughout the negotiation, drafting and execution of this Stipulation of Settlement, but as a practicing attorney for over thirty-five (35) years and a former equity partner of a M&F, once a highly regarded and prominent intellectual property law firm, Hu negotiated and deliberated every aspect of this Stipulation of Settlement, including, but not limited to, the rights and obligations of each Party hereunder, the value of the rights and interests to be compromised, and the language used to effectuate the intent of the Parties.  Any claimed ambiguity herein shall not be presumptively resolved against any Party, irrespective of whether that Party was the principal drafter of this Stipulation of Settlement.

Section 7.4     Entire Agreement. This Stipulation of Settlement constitutes the entire agreement and understanding of the Parties with respect to its subject matter and supersedes any and all prior and contemporaneous agreements and understandings, oral and written, with respect thereto. Except as set forth herein, no representations, warranties or promises have been made or relied upon by the Parties regarding or relating in any way to the subject matter of this Stipulation of Settlement.

Section 7.5     Amendment.   This Stipulation of Settlement may not be amended, changed or modified in any way, or released or discharged in whole or in part, except by a writing agreed to and signed by the Parties or any Persons acting on their behalf.

Section 7.6     Headings and Captions.  The headings and captions contained in this Stipulation of Settlement are merely for convenience of reference and shall not under any circumstances affect the meaning, interpretation or construction of this Stipulation of Settlement.

Section 7.7     Cooperation. The Parties shall provide to one another any assistance or cooperation that may be necessary to effectuate the terms and conditions of this

Stipulation of Settlement, and the intent of the Parties with respect thereto, including, but not limited to, any assistance or cooperation that may be required to obtain a determination by a court or other tribunal that this Stipulation of Settlement is effective and was entered into voluntarily and in good faith, should such a determination become necessary.

Section 7.7  Execution. This Stipulation of Settlement may be signed in any number of counterparts and by the Parties hereto in separate counterparts, by portable document format ("PDF") or facsimile signature, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same document.

Section 7.8  Notices. All notices or other communications that any Party desires or is required to give to any other hereunder shall be delivered in writing to the following individuals at the following addresses, or to such other individual(s) as a Party may designate in writing upon reasonable notice:

As to the Trustee:

Alan Nisselson, Esq.
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, New York 10019

As to Christopher K. Hu

Christopher K. Hu, Esq.
21 Williamsburg Court
Skillman, New Jersey 08558

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

**IN WITNESS WHEREOF,** the Parties hereto, intending to be legally bound, hereby execute this Stipulation of Settlement.

Dated: New York, NY  **WINDELS MARX LANE & MITTENDORF, LLP**
June 29, 2011  *Successor Counsel for Roy Babitt, Chapter 7 Trustee*

BY: /s/ Alan Nisselson
Alan Nisselson (anisselson@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215

Dated: Skillman, New Jersey  **CHRISTOPHER K. HU, ESQ,**
June 29, 2011  *Pro Se*

BY: /s/ Christopher K. Hu
Christopher K. Hu (CHRIS_HU_354@comcast.net)
21 Williamsburg Court
Skillman, New Jersey 08558
Tel: _____

**IT IS SO ORDERED** in White Plains, New York, this _____ day of August, 2011

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE